UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAFAEL MONTALVO, | : |
|     Petitioner, | : Civ. No. 15-7216 (KM) (MAH) |
| v. | : |
| HUDSON COUNTY JAIL, et al., | : **OPINION** |
|     Defendants. | : |

**KEVIN MCNULTY, U.S.D.J.**

### I.    INTRODUCTION

The plaintiff, Rafael Montalvo, is a state prisoner currently incarcerated at the Southern State Correctional Facility in Delmont, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.

At this time, this Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed without prejudice as it is untimely.

### II.   BACKGROUND

The allegations of the complaint are construed as true for purposes of this screening Opinion. The complaint names two defendants: (1) the Hudson County Jail; and (2) Oscar Aviles – Superintendent.

Mr. Montalvo alleges that on January 22, 2012, he was a pre-trial detainee at the Hudson County Jail. He states on that date that he was physically and sexually assaulted. He further

claims that the incident took place inside a secure area under the presumed protection of the prison staff. The staff, he alleges, failed to provide security and did not provide him any form of medical aid or counseling. Plaintiff seeks monetary damages, and asks that this Court order a comprehensive review of the institution's policies and protocols to prevent future assaults.

Mr. Monalvo is deemed to have filed his complaint in this Court on September 15, 2015 pursuant to the prisoner "mailbox rule," as that is the date on the complaint. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *Maples v. Warren*, No. 12-0993, 2012 WL 1344828, at *1 n. 2 (D.N.J. Apr. 16, 2012) ("Often times, when the court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition.").

### III.   LEGAL STANDARDS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v.*

*Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810,110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 Fed.Appx. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014)

(quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## IV. DISCUSSION

Section 1983 claims are subject to New Jersey's two-year statute of limitations. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (per curiam) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)). The date that a cause of action under § 1983 accrues is determined by federal law. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Genty v. Resolution Trust. Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)). "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." *Id.* (internal quotation marks and citations omitted). "As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Id.* (citing *United States v. Kubrick*, 444 U.S. 111, 120 (1979)).

Mr. Montalvo's Section 1983 claims are barred by the two-year statute of limitations. Mr. Montalvo's complaint arises from a purported assault that occurred on January 22, 2012. The claims necessarily accrued at that time, for Mr. Montalvo undeniably knew or should have known of the injury upon which his action is based. Plaintiff did not file his complaint, however, until September 15, 2015, more than three-and-one-half years after the assault.

" 'State law, unless inconsistent with federal law, also governs the concomitant issue of whether a limitations period should be tolled.'" *McPherson v. United States*, 392 F. App'x 938, 944 (3d Cir. 2010) (quoting *Dique*, 603 F.3d at 185). New Jersey sets forth certain bases for "statutory tolling." *See, e.g.*, N.J. STAT. ANN. § 2A:14-21 (detailing tolling because of minority or insanity); N.J. STAT. ANN. § 2A:14-22 (detailing tolling because of non-residency of persons liable). The complaint as pled does not allege any basis for statutory tolling.

Additionally, New Jersey "permits equitable tolling where 'the complainant has been induced or tricked by his adversary's misconduct into allowing the deadline to pass,' or where a plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum." *Cason v. Arie Street Police Dep't*, No. 10-0497, 2010 WL 2674399, at *5 n.4 (D.N.J. June 29, 2010) (citing *Freeman v. State*, 347 N.J. Super. 11, 31 (N.J. Sup. Ct. App. Div. 2002)). The complaint contains no allegations that would support equitable tolling of the statute of limitations.

Accordingly, it is apparent from the complaint that Mr. Montalvo's claims are barred by the statute of limitations and must be dismissed. *See Ostuni v Wa Wa's Mart*, 532 F. App'x 110, 111-12 (3d Cir. 2013) ("Although the running of the statute of limitations is ordinarily an affirmative defense, where the defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.") (citing *Fogle v. Peirson*, 435 F.3d 1252, 1258 (10th Cir. 2006)); *Hunterson v. Disabato*, 244 F. App'x 455, 457 (3d Cir. 2007) ("A district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable limitations period has run."). This

dismissal will be without prejudice to the filing of an amended complaint (if Mr. Montalvo elects to do so) within thirty days. In such an amended complaint, Mr. Montalvo may assert any facts that he believes may demonstrate a basis for tolling the applicable statute of limitations.

## V.   CONCLUSION

For the foregoing reasons, the complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted because it is barred on its face by the statute of limitations. An appropriate order will be entered.

DATED: June 27, 2016

_____
KEVIN MCNULTY
United States District Judge